**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| 1. **Debtor's name** | 181 West Madison Property LLC |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    81-5023759

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 245 Park Avenue | |
| Number       Street | Number        Street |
| Floor 40 | |
| | P.O. Box |
| New York          New York          10167 | |
| City                State           ZIP Code | City                State           ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| | 181        West Madison Street |
| | Number       Street |
| _____ | |
| Country | Chicago              Illinois          60602 |
| | City                State           ZIP Code |

5. **Debtor's website** (URL)

| Debtor | 181 West Madison Property LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5311

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

❑ Chapter 7

❑ Chapter 9

■ Chapter 11. *Check all that apply:*

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

Debtor    181 West Madison Property LLC
_____    Case number (if known)_____
          Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ■ No
   ☐ Yes.  District _____ When _____ Case number _____
                                              MM / DD / YYYY
           District _____ When _____ Case number _____
                                              MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes.  Debtor   See Schedule A                        Relationship   Affiliate
            _____              _____
            District   Delaware                            When   10/31/2021
            _____                     _____
            Case number, if known   _____       MM  /  DD  / YYYY

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        **Why does the property need immediate attention?**  (*Check all that apply.*)

        ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

           What is the hazard? _____

        ☐ It needs to be physically secured or protected from the weather.

        ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ☐ Other _____

        **Where is the property?** _____
                                   Number        Street

                                   _____

                                   _____
                                   City                              State ZIP Code

        **Is the property insured?**

        ☐ No
        ☐ Yes. Insurance agency _____

               Contact name _____

               Phone _____

---

**Statistical and administrative information**

---

Debtor     181 West Madison Property LLC
           Name                                          Case number (if known)_____

---

**13.** **Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14.** **Estimated number of creditors*** 

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15.** **Estimated assets*** 

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
■ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16.** **Estimated liabilities*** 

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
■ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

*Represents consolidated financial information for the Debtor and its affiliated entities set forth on "Schedule A". This does not constitute a statement or admission as to the creditors, assets, or liabilities of any of the debtor entities individually.

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/31/2021
              MM / DD / YYYY

✘ /s/ Mohsin Y. Meghji                        Mohsin Y. Meghji
Signature of authorized representative of debtor    Printed name

Title   Chief Restructuring Officer

| Debtor | 181 West Madison Property LLC | Case number (if known) |
|--------|------------------------------|-------------------------|
|        | Name                         |                         |

**18. Signature of attorney**

✗ /s/ Edmon L. Morton

Signature of attorney for debtor

Date 10/31/2021

MM / DD / YYYY

Edmon L. Morton

Printed name

Young Conaway Stargatt & Taylor, LLP

Firm name

1000          North King Street

Number          Street

Wilmington

City

Delaware          19801

State          ZIP Code

(302) 571-6600

Contact phone

emorton@ycst.com

Email address

3856

Bar number

Delaware

State

# Schedule A

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | DEBTOR | EMPLOYER IDENTIFICATION NUMBER (EIN) |
|---|---|---|
| 1. | 245 Park Avenue Property LLC | 82-0869531 |
| 2. | HNA 245 Park Ave JV LLC | 82-1205043 |
| 3. | 245 Park JV LLC | 82-1292417 |
| 4. | 245 Park Avenue Mezz C LLC | 82-1195276 |
| 5. | 245 Park Avenue Mezz B LLC | 82-1194961 |
| 6. | 245 Park Avenue Mezz A LLC | 82-1194673 |
| 7. | 181 West Madison Holding LLC | 82-0802346 |
| 8. | 181 West Madison Property LLC | 81-5023759 |
| 9. | PWM Property Management LLC | N/A |

**245 PARK AVENUE PROPERTY LLC,**

**245 PARK AVENUE MEZZ A LLC,**

**245 PARK AVENUE MEZZ B LLC,**

**245 PARK AVENUE MEZZ C LLC,**

**245 PARK JV LLC,**

**HNA 245 PARK AVE JV LLC,**

**181 WEST MADISON PROPERTY LLC**

**181 WEST MADISON HOLDING LLC, AND**

**PWM PROPERTY MANAGEMENT LLC**

OMNIBUS CONSENT ACTION

OF

THE INDEPENDENT AGENTS,

ON BEHALF OF THE APPLICABLE MEMBERS

OF

THE COMPANIES

October 31, 2021

The undersigned, being all of the independent agents (the "Independent Agents") acting in their respective capacities as such and in their respective capacities as authorized signatories of the members (the "Members") of each of 245 Park Avenue Property LLC ("245 Park Avenue"), 245 Park Avenue Mezz A LLC ("245 Park Avenue Mezz A"), 245 Park Avenue Mezz B LLC ("245 Park Avenue Mezz B"), 245 Park Avenue Mezz C LLC ("245 Park Avenue Mezz C"), 245 Park JV LLC ("245 Park JV"), HNA 245 Park Ave JV LLC ("HNA 245 Park Ave"), 181 West Madison Property LLC ("181 West Madison Property"), 181 West Madison Holding LLC ("181 West Madison Holding") and PWM Property Management LLC ("PWM Property Management" and together with 245 Park Avenue, 245 Park Avenue Mezz A, 245 Park Avenue Mezz B, 245 Park Avenue Mezz C, 245 Park JV, HNA 245 Park Ave, 181 West Madison Property and 181 West Madison Holding LLC the "Companies" and, individually, each a "Company"), acting in accordance with the Delaware Limited Liability Company Act (the "DLLCA") and the respective Operating Agreement of each Company, as amended (the "Operating Agreements"), and pursuant to the authority granted to the Independent Agents to act on behalf of the Members under the written consent dated October 29, 2021 (the "Independent Agent Appointment Consent"), hereby consent in writing to approve the adoption of the following resolutions, effective as of the date set forth above, which shall have the same force and effect as if adopted at a duly noticed and validly held meeting of the Independent Agents:

Waiver of Notice

BE IT RESOLVED, that any and all notice required to be delivered to the undersigned pursuant to the DLLCA or any Operating Agreement be, and it hereby is waived by the undersigned.

Removal of Independent Managers

WHEREAS, the Members of each of 245 Park Avenue, 245 Park Avenue Mezz A, 245 Park Avenue Mezz B, and 245 Park Avenue Mezz C previously appointed independent managers ("Independent Managers" and, individually, each an "Independent Manager"), whose duties are outlined in each such Company's respective Operating Agreement;

NOW, THEREFORE, BE IT RESOLVED, that each appointed Independent Manager is removed as an independent manager for all purposes (but not as a "springing member") under each applicable Operating Agreement.

Chapter 11 Cases

WHEREAS, the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members, having reviewed and considered presentations by the management of, and the Companies' Chief Restructuring Officer of and the financial and legal advisors to, the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them, and the effects of the foregoing on the Companies' business, creditors, and other parties in interest, have determined that it is in the best interest of the Companies, their subsidiaries, their respective equityholders, and other parties in interest, for the Companies and their subsidiaries to take, and have approved the taking of the actions specified in the following resolutions;

WHEREAS, the Independent Agents, who pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to on behalf of the Members, have been presented with a proposed petition to be filed by the Companies in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and have been advised that, upon filing, each Company shall manage its property as a debtor and debtor in possession; and

WHEREAS, the Independent Agents, who pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members, having considered the financial and operational aspects of the Companies' business and the best course of action to maximize value, deem it advisable and in the best interests of the Companies, their creditors, and other interested parties that petitions be filed by the Companies seeking relief under the provisions of chapter 11 of the Bankruptcy Code and a restructuring of the Companies be implemented;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members, it is desirable and in the best interests of the Companies, their subsidiaries, their respective creditors and equityholders, and other interested parties, that a voluntary petition be filed by each Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of each such petition is authorized hereby; and it is

FURTHER RESOLVED, that the Companies' Chief Restructuring Officer and the Independent Agents (each, an "**Authorized Person**"), hereby are authorized and empowered, on behalf of and in the name of each Company, to execute and verify a petition in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of such Company shall determine.

<u>Authorization to Seek to Reject SLG PMA</u>

WHEREAS, 245 Park Avenue and S.L. Green Management Corp. ("**SLG Manager**") are parties to the Property Management and Leasing Agreement, dated as of December 1, 2018 (as amended, supplemented, or otherwise modified from time to time, the "**SLG PMA**");

WHEREAS, in light of SLG Manager's performance under the SLG PMA and the various other interests that SLG Manager and its affiliates hold in certain Companies and other commercial real estate properties that are direct competitors of 245 Park Avenue, 245 Park Avenue and Milstein Brothers Real Estate LLC dba MB Real Estate entered into the Property Management and Leasing Agreement, dated as of October 29, 2021 (as amended, supplemented, or otherwise modified from time to time, the "**MBRE PMA**"); and

WHEREAS, the effectiveness of the MBRE PMA is subject to, among other things, rejection of the SLG PMA pursuant to section 365(a) of the Bankruptcy Code;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members, it is desirable and in the best interests of the Companies, their subsidiaries, their respective creditors and equityholders, and other interested parties, that the Companies seek to reject the SLG PMA pursuant to section 365(a) of the Bankruptcy Code as soon as practicable following the commencement of the Companies' chapter 11 cases; and it is

FURTHER RESOLVED, that each Authorized Person is hereby authorized and empowered, on behalf of and in the name of each Company, to execute and verify any documents that are necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions with respect to the SLG PMA.

Retention of Professionals

> BE IT RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of a Company, to retain and employ professionals to render services to such Company in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firms of White & Case LLP to act as restructuring counsel and Young Conaway Stargatt & Taylor, LLP to act as local counsel and conflicts counsel; M3 Advisory Partners, LP to act as restructuring advisor; and Omni Agent Solutions to act as claims and noticing agent and administrative advisor; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is

> FURTHER RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of a Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

General Authority to Implement Resolutions

> BE IT RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of a Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms, and provisions of, and to execute and deliver any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals, or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Companies' business; and it is

FURTHER RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Companies' true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is

FURTHER RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of a Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, contracts, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions; and it is

FURTHER RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of a Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, contracts, instruments, financing statements, notices, undertakings, certificates, and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of a Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, the Stock and Asset Purchase Agreement, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such Company in all respects by the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of a Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members; and it is

FURTHER RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of

the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is

FURTHER RESOLVED, that the authority conferred upon any Authorized Person of a Company by this Action by Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Action by Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is

FURTHER RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and each hereby is, authorized and empowered to take all actions or not to take any action in the name of a Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Person or Authorized Persons shall deem necessary, proper, appropriate, desirable, or advisable to effectuate the purposes of the transactions contemplated herein, including authorizing and causing such Company to provide guaranties and grant liens in respect of the financing transactions contemplated herein; and it is

FURTHER RESOLVED, that each Authorized Person be, and each of them with full authority to act without the others hereby is, granted the power, at such Authorized Person's discretion, to appoint and remove any substitutes in connection with any of the aforesaid purposes upon such terms as such Authorized Person shall deem proper, as well as the power to delegate each and every one of the powers contemplated by the foregoing resolutions; and it is

FURTHER RESOLVED, that any person dealing with an Authorized Person authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by his execution in the name or on behalf of a Company, of any document, agreement or instrument, the same being a valid and binding obligation of such Company enforceable in accordance with its terms; and it is

FURTHER RESOLVED, that each of the Independent Agents, which pursuant to the Independent Agent Appointment Consent is authorized by the Members, and empowered to act on behalf of the Members, has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waives any right to have received such notice; and it is

FURTHER RESOLVED, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed, and adopted in all respects as the acts and deeds of the Companies as fully as if such actions had been presented to the Independent Agents, which pursuant to the Independent Agent Appointment Consent are authorized by the Members, and empowered to act on behalf of the Members, for prior approval, including, but not limited to, all such actions taken by the Chief Restructuring Officer and/or any member, manager, director, officer, employee, representative, or other agent of a Company; and it is

FURTHER RESOLVED, that this Action by Written Consent may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one or the same Action by Written Consent.

***

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, have duly executed and caused this Action by Written Consent to be delivered as of the date first written above.

**INDEPENDENT AGENTS:**

By: Alan J. Carr
Title: Independent Agent, as Authorized Signatory of each of the Members

By: Vik Jindal
Title: Independent Agent, as Authorized Signatory of each of the Members

*[Signature Page to Action by Written Consent of PWM Property Management LLC]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PWM Property Management LLC, *et al.*,[1] | ) Case No. 21-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## TWENTY LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions in this Court on the date hereof (the "**Petition Date**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

The Top 20 Unsecured Claims List is based on the Debtors' books and records as of the Petition Date and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 Unsecured Claims List does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value is known and places the creditor among the holders of the 20 largest unsecured claims; or (3) claims held by the Debtors' employees, to the extent applicable.

The information contained in the Top 20 Unsecured Claims List shall not constitute an admission of liability by, nor shall it be binding upon, the Debtors, and nothing therein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. Moreover, the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if available) are: PWM Property Management LLC; 245 Park Avenue Property LLC (9531); HNA 245 Park Ave JV LLC (5043); 245 Park JV LLC (2417); 245 Park Avenue Mezz C LLC (5276); 245 Park Avenue Mezz B LLC (4961); 245 Park Avenue Mezz A LLC (4673); 181 West Madison Holding LLC (2346); and 181 West Madison Property LLC (3759). The debtors' service address for purposes of these cases is 245 Park Avenue, Floor 40, New York, New York 10167.

| Debtor name | PWM  Property Management LLC, et al. |
|---|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Cook County Treasurer P.O. Box 805436 Chicago, IL 60680-4116 | Cook County Treasurer | Property Taxes | Contingent, Unliquidated & Disputed | | | $13,431,045.97 |
| 2   NYC Department of Finance P.O. Box 680 Newark, NJ 07101-0680 | NYC Department of Finance | Property Taxes | Contingent, Unliquidated & Disputed | | | $9,760,575.98 |
| 3   SL Green Management Corp c/o SL Green Realty Corp Attn: Andrew S Levine, Esq 420 Lexington Ave New York, NY 10170 | SL Green Management Corp Attn: Andrew S Levine, Esq Fax: 212-216-1785 Email: andrew.levine@slgreen.com | Management Fee | Contingent, Unliquidated & Disputed | | | $301,166.71 |
| 4   MB Real Estate Services Inc 181 W Madison St, Ste 4700 Chicago, IL 60602 | MB Real Estate Services Inc Attn: Suzanne Hendricks Tel: 312-726-1700 Email: ap@mbre.com | Management Fee | Contingent, Unliquidated & Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name ___181 West Madison Property LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/31/2021___          ✖ /s/ Mohsin Y. Meghji
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                     Mohsin Y. Meghji
                                     Printed name

                                     Chief Restructuring Officer
                                     Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| PWM Property Management LLC, *et al.*,[1] | ) Case No. 21-_____ (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF**
**EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1) 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, PWM Property Management LLC ("**PWM**") and its affiliated debtors, who are each debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") state as follows:

1.        Non-Debtor HNA Group North America LLC owns 100% of the equity interests in Debtor PWM.

181 West Madison Interest

2.        Debtor PWM owns 100% of the equity interests in Non-Debtor Eternal Fame Investments Limited.

3.        Non-Debtor Eternal Fame Investments Limited owns 100% of the equity interests of Debtor 181 West Madison Holding LLC.

4.        Debtor 181 West Madison Holding LLC owns 100% of the equity interests in Debtor 181 West Madison Property LLC.

---

[1]        The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number (if available) are:  PWM Property Management LLC; 245 Park Avenue Property LLC (9531); HNA 245 Park Ave JV LLC (5043); 245 Park JV LLC (2417); 245 Park Avenue Mezz C LLC (5276); 245 Park Avenue Mezz B LLC (4961); 245 Park Avenue Mezz A LLC (4673); 181 West Madison Holding LLC (2346); and 181 West Madison Property LLC (3759).  The debtors' service address for purposes of these cases is 245 Park Avenue, Floor 40, New York, New York 10167.

245 Park Avenue Interest

5.      Debtor PWM owns 100% of the equity interests in Non-Debtor Affinity Ventures Limited.

6.      Non-Debtor Affinity Ventures Limited owns 81% of the equity interests in Non-Debtor Dynamic Ideas Limited.

7.      Non-Debtor Leader Well Management Limited owns 19% of the equity interests in Non-Debtor Dynamic Ideas Limited.

8.      Non-Debtor Dynamic Ideas Limited owns 100% of the equity interests Non-Debtor Cascade Solutions Global Limited.

9.      Non-Debtor Cascade Solutions Global Limited owns 100% of the equity interests Non-Debtor HNA Park Ave (U.S.) LLC.

10.      Non-Debtor HNA Park Ave (U.S.) LLC owns 100% of the equity interests in Debtor HNA 245 Park Ave JV LLC.

11.      Debtor HNA 245 Park Ave JV LLC owns 51% of the equity interests in Debtor 245 Park JV LLC.

12.      Non-Debtor 245 Park Member LLC owns 49% of the equity interests in Debtor 245 Park JV LLC.

13.      Debtor 245 Park JV LLC owns 100% of the equity interests in Debtor 245 Park Avenue Mezz C LLC.

14.      Debtor 245 Park Avenue Mezz C LLC owns 100% of the equity interests in Debtor 245 Park Avenue Mezz B LLC.

15.      Debtor 245 Park Avenue Mezz B LLC owns 100% of the equity interests in Debtor 245 Park Avenue Mezz A LLC.

16.    Debtor 245 Park Avenue Mezz A LLC owns 100% of the equity interests in Debtor 245 Park Avenue Property LLC.

17.    The Debtors' corporate structure is further described in the *Declaration of Mohsin Y. Meghji, the Debtors' Chief Restructuring Officer, In Support of Chapter 11 Petitions and First Day Motions and Applications*, filed in connection herewith.

**Fill in this information to identify the case and this filing:**

Debtor Name ___181 West Madison Property LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
                                                                                (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration ___Consolidated Corporate Ownership Statement, List of Equity Security Holders.___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/31/2021___        ✗ ___/s/ Mohsin Y. Meghji___
                MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                    ___Mohsin Y. Meghji___
                                    Printed name

                                    ___Chief Restructuring Officer___
                                    Position or relationship to debtor